Palou, Plaintiff and Appellant, *v.* Aspurúa et al., Defendants and Appellees.

Appeal from the District Court of Humacao in an Action for an Accounting.

No. 1973.—Decided May 29, 1919.

Tutorship—Limitation of Action.—The period of five years fixed by section 296 of the Revised Civil Code for the extinction of actions mutually accruing to the tutor and the minor on account of the tutorship, shall begin to run from the date on which the minor becomes emancipated.

Id.—Id.—Minors—Personal Actions.—Section 1833 of the Revised Civil Code was repealed by section 40 of the Code of Civil Procedure. By virtue of the latter statute the statute of limitation does not run against certain persons, including minors, until their incapacity has disappeared, except in cases of actions for the recovery of real property.

Id.—Evidence—Pleading—Nonsuit.—The plaintiff himself having declared un-

der oath in this case that the tutor never delivered to him his properties of which the tutor had taken charge, nor rendered him accounts of his tutorship, and there having been introduced in evidence documents showing that the tutor acted as such, leasing properties in which the minor had an interest and executing acquittances for the rents of leased properties of which his ward was a joint owner, and, furthermore, the complaint being verified and the answer not, the trial court erred in dismissing the action of the plaintiff and sustaining the motion for nonsuit made by the defendants.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for the appellant.

*Mr. Arturo Aponte, Jr.,* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Jaime Palou brought an action for an accounting in the District Court of Humacao against Emilia Aspurúa, widow of Palou, and Pedro, Ana María and Emilia Palou y Aspurúa, alleging in substance that Bartolomé Palou, the husband of Emilia Aspurúa and the father of the other defendants, was appointed tutor of the plaintiff and took charge of his properties, which he managed for several years without delivering any sum of money to the plaintiff or rendering accounts of the tutorship. The tutor took charge of the properties in 1902 and died on March 12, 1912. The plaintiff became of age on May 10, 1912. The verified complaint was filed on April 23, 1917, and prayed that the defendants be adjudged to render a vouched account of the tutorship of their decedent.

The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. "Among other reasons, the defendants allege in support of this demurrer that the action is barred by limitation in accordance with the provisions of section 296 of the Civil Code of Porto Rico." The demurrer was overruled. The court admitted that more than five years had elapsed between the date of the death of the tutor and that on which the complaint was filed, but held that as the minor had attained his majority on May 10, 1912, the statute of limitation began to run from that date, pursuant to the provisions of section 40

of the Code of Civil Procedure, and that the period being thus computed it was necessary to conclude that it had not yet expired when the complaint was filed.

The defendants made a motion to strike out, which was also overruled, and thereupon answered the complaint, limiting themselves to a denial of "each and all of the allegations" of the complaint.

At the trial the plaintiff introduced his evidence, consisting of documents and the testimony of the plaintiff himself. The defendants moved for a nonsuit and their motion was sustained, the case, therefore, being decided in their favor. In its ruling the district court expressed itself as follows:

"As a material allegation of this complaint the plaintiff set up that the defendants had not rendered an account at any time, and this allegation should be sustained by the evidence. That averment having been denied by the defendants in their answer, * * * the plaintiff introduced as his only evidence in support of the disputed fundamental fact regarding the rendering of accounts by the tutor the record in case No. 4780 of this district court concerning the incapacity of Dolores Jiménez, wherein there is no evidence to justify the said allegation.

"The plaintiff having rested his case, the defendants moved for a nonsuit, praying that the complaint be dismissed because its fundamental allegations had not been proved, among them the alleged failure to render accounts.

"Without passing upon the other points urged in the motion, some of which are quite important, such as the assertion that the action is barred by limitation, the court is of the opinion that there has been a total failure of evidence, inasmuch as none has been introduced in support of the allegation upon which the cause of action is based. This being so and the presumption being in favor of the defendants that they have respected the law by rendering accounts of the tutorship, the motion for a nonsuit must be sustained and consequently the complaint is dismissed. The plaintiff should pay the costs."

The plaintiff took an appeal to this court which was heard without the appearance of the parties. The appellant alone filed a brief.

1. The first question to be considered and decided is that of limitation.

Section 296 of the Civil Code, on which the defendants rely, reads as follows:

"The actions mutually belonging to the tutor and the minor to bring suit on account of the exercise of the tutorship shall extinguish five years after said tutorship ends."

When did the tutorship end in this case? It is contended that it ended upon the death of the tutor. But is that what the legislators had in mind when they framed section 295? Section 287 of the same code and the history of the statute demand a negative answer.

The legislators expressly provided for the termination of the tutorship in the following language:

"Sec. 287.—Tutorship ends—

"1. By the minor attaining the age of twenty-one years, by his being adopted, and by emancipation, with the limitations established by law.

"2. With reference to incapacitated persons, those subject to interdiction or prodigals, by the causes thereof being removed."

Both section 287 and section 296 are included in Title X of Book I of the Civil Code, which treats only of tutorship, and they must be construed in connection with each other and in harmony with the fundamental idea of the framers of the code.

This action by persons who are or have been subject to tutorship for demanding that their tutors render accounts of their management, has always been recognized.

"* * * and this demand can be made by the minor at any time until he attains his twenty-first birthday; *and within four years thereafter:* (italics ours) and this demand can be made within such time not only by the minor, but even by his heirs." Law 2, Tit. XIX, *Partida* 6.

In Falcón's commentary on the Civil Code, Vol. 1, p. 291,

in a note under section 287 of the Spanish Civil Code, which is similar to section 296 of our code, appears the following:

"According to the Bill of 1851, section 266, they were limited to ten years. That of 1882, section 253, proposed that they be limited to only five years. According to the French code, section 475, and the Italian code, section 309, they are limited to ten years.

"According to the code of Chile, section 425, the code of Mexico, section 665, and the code of Uruguay, section 381, they are limited to four years. The code of Guatemala, section 414, fixes the limit at five years.

"All of the codes provide that the time shall be computed from the date of the emancipation of the minor."

And so it should be, for only after his emancipation can the minor be considered as having full capacity for the assertion of the right which the law gives him, or his heirs, as the case may be.

But even if that were not the correct construction of section 296 of the Civil Code, the ruling of the district court would be sustained by the provisions of section 40 of the Code of Civil Procedure, as follows:

"Sec. 40.—If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either:

"1. Within the age of majority; or,

"2. Insane; or,

"3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or,

"4. A married woman, and her husband be a necessary party with her in commencing such action;

"The time of such disability is not a part of the time limited for the commencement of the action."

In *Ibáñez* v. *Diviño*, 22 P. R. R. 484, Mr. Justice Aldrey, speaking for the court, said:

"Section 1833 of the Revised Civil Code, which went into effect in the year 1902, providing that rights and actions shall extinguish by prescription to the prejudice of all kinds of persons, including judicial persons, in the terms prescribed by law, was repealed by

section 40 of the Code of Civil Procedure which took effect in the year 1904 and provides that prescription shall not run against certain persons, including minors, until their incapacity may have disappeared, except in actions to recover real property.''

2. Let us examine the second question. We do not agree with the statement made by the trial court that ''the plaintiff introduced as his only evidence in support of the disputed fundamental fact regarding the rendering of accounts by the tutor the record in case No. 4780 of this district court concerning the incapacity of Dolores Jiménez, wherein there is no evidence to justify the said allegation.'' The statement of the case shows that the record referred to by the court is the record of the proceeding relative to the inscription of the testamentary tutorship of the minor Jaime Palou and of the incapacitated Dolores Jiménez. Indeed, the fact that the accounts which the tutor should have rendered were not included in the record is not conclusive evidence that he rendered no accounts. But this was not the only evidence. The plaintiff himself testified, as we have said, and he declared under oath that the tutor had never delivered to him his properties of which the tutor had taken charge, nor rendered him accounts of his tutorship; and there were introduced in evidence documents showing that the tutor acted as such by leasing properties in which his ward had an interest, and by giving receipts for the rents of the leased properties of which his ward was a joint owner. Besides, the complaint was verified and we have already seen the form of the defendant's answer.

Therefore, it is to be concluded that the court erred in sustaining the motion for a nonsuit and consequently the order appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.